UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JIMMY D. JONES, | ) |
|       Petitioner, | ) |
| v. | ) Case No. 2:16-cv-0370-JMS-MJD |
| RICHARD BROWN Superintendent, | ) |
|       Respondent. | ) |

**Entry Discussing Petition for Writ of Habeas Corpus**

The petition of Jimmy D. Jones for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. WVE 14-03-0075. He was found guilty of Class B Possession of Electronic Device, Unauthorized Alteration. For the reasons explained in this Entry, Jones's habeas petition must be **denied**.

**Discussion**

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v.*

*McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

### B. The Disciplinary Proceeding

On March 17, 2014, Lt. C. Nicholson issued a Report of Conduct to Jones, for a violation of Code B-207 possession of an electronic device and unauthorized alteration. The Report of Conduct stated:

> On 3/14/2014 at approximately 0900A.M., I, Lt. C. Nicholson inspected a flat screen T.V. with the serial number #FOC3DCOPD. This T.V. is assigned to Offender Jones, Jimmy #891782. The T.V. has an extra two wires that run from inside the T.V. to outside the T.V. I took the T.V. to Internal Affairs and K. Allen confirmed that from his past experiences that this might have the ability to charge an electronic device (cell phone).

Dkt. 8-1. Officer Allen did confirm that "[i]n my past experiences this is done by offenders to have the ability to charge an electronic device (Cell Phone)." Dkt. 8-2.

Lt. Nicholson provided Jones with notice of the offense on March 18, 2014, and Jones waived his 24-hour notice. It appears that while Jones considered seeking a statement from Officer Allen, specifically asking "Mr. Allen how do you determine that these wires are used to charge something (cell phone)," this request is crossed out and "changed his mind" is written in the corresponding field. Dkt. 8-4. Jones did not request any physical evidence.

Jones submitted a written "Prisoner's Statement" dated March 18, 2014, that challenged the conduct report and requested that the wires coming from the T.V. be tested for an electric charge. Dkt. 8-5.

The Disciplinary Hearing was held on March 18, 2014. Jones stated that:

> They took my T.V. before. I beat that write up. Now, when I am supposed to get it back, they took it again because they said it "might" charge a cell phone, because there are wires coming out of it.

2

Dkt. 8-6. The Hearing Officer found Jones guilty of violating Code B-207 after considering the conduct report, statement of offender, and physical evidence, which included photographs and the email from the Internal Affairs Officer.

The recommended and approved sanctions imposed included written reprimand, loss of privileges, 45 days of lost credit time, and demotion in credit class from credit class 2 to 3, which was suspended. The Hearing Officer imposed the sanctions because of the nature of the conduct and the likelihood that the sanction would have a corrective effect on the offender's behavior.

Jones appealed to the Facility Head on March 18, 2014, which was denied on April 21, 2014. Jones then appealed to the Final Reviewing Authority, who denied his appeal on June 26, 2014.

**C. Analysis**

Jones raises two related grounds for relief: 1) denial of evidence; and 2) insufficient evidence to find him guilty. Specifically, Jones argues that when he was screened for this conduct report he requested as evidence that his accusers prove that the television could charge a cell phone because of the wires added to it. Jones argues that he was entitled to this evidence, but that the screening officer refused to provide it and instead concealed the denial by altering the screening report. Relatedly, Jones argues that there was insufficient evidence to find him guilty because there was no evidence that the wires added to the television did indeed charge cell phones. Jones contends that without such evidence, he cannot be found guilty.

B207 Possession of Electronic Device is defined by the Adult Disciplinary Process as:

> Unauthorized alteration, use or possession of any electronic device, including, but not limited to: computer, computer software, pager, PDA, computer disk, CD/DVD, recording tape (audio or video) or associated hardware. (This

3

> offense includes accessing computers, software, the Internet, social media, a facility LAN, etc. or using such in a manner not authorized by the Department of Correction and the alteration of authorized electrical devices, such as televisions, fans, etc, for unauthorized purposes, e.g., charging cellular telephones/electronic devices, etc.)

See Indiana Department of Correction, Adult Disciplinary Process (Appendix I: Offenses), available at website [http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf](http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1-2015(1).pdf) (last visited July 28, 2017).

The "some evidence" standard is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999). A rational adjudicator could readily conclude from the content and surrounding circumstances of the conduct report that Jones possessed a television which had been altered without authorization in violation of prison rules. Further, the internal affairs officer confirmed that based on his experience the television was altered to charge an electronic device. Whether or not the wires attached to the television could successfully charge an electronic device is irrelevant such that any testing of the wires was not required. There is no dispute that the television was altered without authorization. Even if the wires could not successfully charge an electronic device, this evidence would not have been exculpatory. *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court "will overturn the . . . [conduct board's] decision only if no reasonable adjudicator could have found . . . [the petitioner] guilty of the offense on the basis of the evidence presented"), *cert. denied,* 115 S. Ct. 314 (1994); *see also Hill*, 472 U.S. at 457 ("The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board."). Accordingly, the denial of evidence proving that the altered wires could successfully charge a cell phone is irrelevant to the alteration charge.

In reply, Jones argues that the failure to provide him with the evidence he requested (that is, a statement from Mr. Allen inquiring how he determined that the wires are used to charge something) violated Indiana Department of Correction's policy. The claim that prison authorities failed to follow various policies before and during the challenged disciplinary proceeding are summarily dismissed as insufficient to support the relief sought by the petitioner. *See Keller v. Donahue,* 2008 WL 822255, 271 Fed. Appx. 531, 532 (7th Cir. Mar. 27, 2008) (in a habeas action, an inmate "has no cognizable claim arising from the prison's application of its regulations."); *Hester v. McBride*, 966 F. Supp. 765, 774-75 (N.D. Ind. 1997) (violations of the Indiana Adult Disciplinary Policy Procedures do not state a claim for federal habeas relief). In conducting habeas review, "a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991).

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Jones to the relief he seeks. Accordingly, Jones' petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 8/31/2017

*[signature]*
Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

JIMMY D. JONES
891782
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

Abigail T. Rom
OFFICE OF THE ATTORNEY GENERAL
abby.rom@atg.in.gov